**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WANDA D. MILLER and** | : | |
| **WANDA D. MILLER,** | : | |
| | : | **No. 1:11-cv-1451** |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **YORK COUNTY, PA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Currently pending before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation, recommending that Plaintiffs Mrs. Wanda D. Miller and Ms. Wanda D. Miller's complaint be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e), and that her motion for stay pending appeal be denied.  (Doc. No. 8.)  Plaintiffs have filed objections to the Report and Recommendation.  (Doc. No. 9.)  For the reasons that follow, the Court will adopt in part the Report and Recommendation.

**I.      BACKGROUND**

On August 8, 2011, Plaintiffs, Wanda D. Miller ("Mrs. Miller") and her daughter, Wanda D. Miller ("Ms. Miller"), filed a complaint alleging state-law claims and federal claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 against the following thirteen defendants: County of York, Pennsylvania; Court of Common Pleas of York County, Pennsylvania ("Court of Common Pleas"); Attorney Richard K. Konkel; York County Human Services Division ("YCHSD"); Beverly Mackereth, Executive Director of YCHSD; York County Area Agency on Aging ("YCAAA"); Dianna Benaknin, Director of YCAAA; Susan Gordon, Protective Service

Supervisor, YCAAA; Courtney Andreuzzi, Case Manager, YCAAA; Neighborhood Services of

Lancaster, Inc. ("Neighborhood Services"); Colonial Manor Nursing & Rehabilitation ("Colonial

Manor"); Philip A. Veith, Landlord and Owner of Restless Oaks Trailer Park in Windsor, York

County , Pennsylvania; and Lancaster Red Rose Credit Union ("Red Rose").  (Doc. No. 1.)

Plaintiffs, litigating pro se, filed a motion to proceed in forma pauperis.  (Doc. No. 2.)  Plaintiffs

also filed a motion for stay pending appeal with respect to an order in Ms. Miller's Chapter 7

Bankruptcy.  (Doc. No. 6)

      Plaintiffs raise a myriad of claims in their voluminous complaint.  Plaintiffs allege that on

August 6, 2009, Defendant YCAAA illegally entered their home in Windsor, Pennsylvania, to

remove Mrs. Miller and take her to the hospital for observation, where she was involuntarily

held for twenty-five days.  (Doc. No. 1 ¶¶ 22-28.)  Plaintiffs allege that on August 26, 2009,

YCAA filed a petition for emergency involuntarily protective services, which Defendant Court

of Common Pleas granted, appointing Defendant Konkel as Mrs. Miller's attorney, and

appointing Defendant Neighborhood Services as Mrs. Miller's guardian ad litem.  (Id. ¶¶ 30-41.)

      Pursuant to the order of the Court of Common Pleas, Mrs. Miller was taken to Defendant

Colonial Manor's facilities, "where she still is confined to this day."  (Id. ¶ 42.)

      On December 3, 2009, the Court of Common Pleas held a hearing, in which it ordered

that Neighborhood Services would continue to be Mrs. Miller's guardian, and that the property

located in Lancaster County (the "Lancaster Property"), which Mrs. Miller owned with her late

husband, not be sold.  (Id. ¶ 49.)  Plaintiffs allege that Defendants Konkel and Neighborhood

Services tried to sell the Lancaster Property "by seeking a real estate agent for that purpose."

(Id. ¶ 50.)  Plaintiffs further allege that, on or about March 2010, Defendant Red Rose initiated a

mortgage foreclosure on the Lancaster Property, "without proper notification, or due process," and in violation of the notice requirements of Pennsylvania's foreclosure laws.  (Id. ¶¶ 55-56.) On July 21, 2010, the Court of Common Pleas found that Mrs. Miller was incapacitated, appointed Neighborhood Services as her plenary guardian, and revoked Ms. Miller's power of attorney.  (Id. ¶ 57.)

In a seemingly unrelated incident, Plaintiffs allege that in November of 2009, Defendant Philip Veith initiated eviction proceedings against Plaintiffs' trailer home, "without following due process or proper eviction procedure."  (Id. ¶¶ 46-47.)

In their complaint, Plaintiffs allege a wide range of constitutional violations against thirteen defendants.  Specifically, Plaintiffs allege the following causes of action: (1) Count I, a First, Fourth, Fifth, Sixth and Fourteenth Amendment claim brought by Mrs. Miller pursuant to 42 U.S.C. § 1983 against Defendants YCHSD, YCAAA, Neighborhood Services, Colonial Manor, Red Rose, Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel; (2) Count II, a First, Fourth, Fifth, and Fourteenth Amendment claim brought by Ms. Miller pursuant to 42 U.S.C. § 1983 against Defendants YCHSD, YCAAA, Neighborhood Services, Colonial Manor, Red Rose, Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel; (3) Count III, a civil rights conspiracy claim brought pursuant 42 U.S.C. § 1985 against Defendants York County, YCHSD, YCAAA, Neighborhood Services, Colonial Manor, Red Rose, Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel; (4) Count IV, a claim for declaratory and injunctive relief against Defendants Court of Common Pleas, York County, YCHSD, YCAAA, Colonial Manor, and Konkel; (5) Count V, a substantive due process claim brought against Defendants York County, YCHSD, YCAAA, Neighborhood Services, Colonial Manor, Red Rose,

Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel; (6) Count VI, a procedural due process claim against Defendants York County, YCHSD, YCAAA, Neighborhood Services, Colonial Manor, Red Rose, Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel; (7) Count VII, a constitutional claim brought pursuant to 42 U.S.C. § 1983 against Defendants York County, YCHSD, and YCAAA; (8) Count VIII, a multitude of state-law claims; (9) Count IX, a conspiracy claim against Defendants York County, YCAAA, Neighborhood Services, Colonial Manor, Red Rose, Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel.

As relief, Plaintiffs seek injunctive and declaratory relief, as well as compensatory and punitive damages.  Plaintiffs ask the Court to allow Mrs. Miller to be released from Colonial Manor, to require instruction and supervision of Defendant YCAAA in following Pennsylvania law with respect to care of older adults, to declare that the policies and procedures followed by Defendants are unconstitutional.

On October 21, 2011, Magistrate Judge Blewitt issued a Report and Recommendation, recommending that Ms. Miller's motion for stay pending appeal be denied and that Plaintiffs' complaint be dismissed with prejudice.  (Doc. No. 8.)

II.     **STANDARD OF REVIEW**

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

A court must review the complaint of a plaintiff seeking to proceed in forma pauperis

prior to service of process under 28 U.S.C. § 1915(e).  If the court determines that an action fails

to state a claim on which relief may be granted, dismissal of that claim is required.  28 U.S.C. §

1915(e)(2)(B) (ii); <u>see also</u> <u>id.</u> § 1915A(b)(1).  The standard of review for failure to state a claim

in this context is the same as the standard governing a motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d

103, 110 (3d Cir. 2002).  Thus, dismissal is proper when the defendants are entitled to judgment

as a matter of law.  <u>See</u> <u>Markowitz v. Ne. Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990).  To avoid

dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Essentially, a

plaintiff must "set forth sufficient information to outline the elements of his claim or to permit

inferences to be drawn that those elements exist."  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir.

1993) (citation omitted).  Put otherwise, a civil complaint must "set out 'sufficient factual

matter' to show that the claim is facially plausible."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203,

210 (3d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1955 (2009)).  A court, however,

"need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to

dismiss."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906, 908 (3d Cir. 1997).

## III.   DISCUSSION

On October 21, 2011, Magistrate Judge Blewitt issued a Report and Recommendation

(Doc. No. 8), recommending: (1) that Ms. Miller's motion for stay pending appeal (Doc. No. 6)

be denied; (2) that Plaintiffs' claims regarding Defendant YCAAA's forcible removal of Mrs.

Miller from her house be dismissed as time barred; (3) that Plaintiffs' section 1983 claims be

dismissed as against Defendants Konkel, Neighborhood Services, Colonial Manor, Veith, and Red Rose, as they are not state actors; (4) that Plaintiffs' section 1983 conspiracy claim raised in Count IX be dismissed for failure to state a claim; (5) that Plaintiffs' section 1985 conspiracy claim in Count III be dismissed for failure to state a claim; (6) that Defendant Court of Common Pleas be dismissed as an improper defendant, both under the Eleventh Amendment, and section 1983 precedent; (7) that the entire complaint be dismissed with prejudice, as the Court lacks subject matter jurisdiction over all of Plaintiffs' claims under the Rooker-Feldman doctrine and the claims are barred by Pennsylvania's claim preclusion doctrine; and (8) that the Court decline to exercise pendent jurisdiction over Plaintiffs' state-law claims.

On November 7, 2011, Plaintiffs filed a number of objections to Magistrate Judge Blewitt's Report and Recommendation.  (Doc. No. 9.)  Specifically, Plaintiffs: (1) request that the Court treat their objections as timely; (2) ask the Court to appoint counsel; (3) ask the Court to schedule a hearing; (4) express their intent to file a petition for habeas corpus relief; (5) ask the Court to hold their pro se pleadings to a less stringent standard than those drafted by attorneys; (6) argue that their complaint was filed within the two year statute of limitations; (7) argue that dismissal with prejudice would violate their constitutional rights; (8) argue that a conspiracy claim is appropriate; (9) argue that guardianship is equivalent to state-sanctioned slavery; (10) argue that their "attack" on the Court of Common Pleas is well-deserved; and (11) argue that the YCAAA and its employees acted with gross negligence and willful misconduct.

For organizational purposes, the Court will address each of Magistrate Judge Blewitt's recommendations in turn.

### A.      Motion for Stay Pending Appeal

First, Magistrate Judge Blewitt recommended that Plaintiff Ms. Miller's motion for a stay

pending appeal be denied.  (Doc. No. 8 at 11-15.)  In her motion, Ms. Miller asks the Court to

stay two recent orders issued by the Bankruptcy Court, with respect to her Chapter 7 Bankruptcy

case.  (Doc. No. 6.)  First, she asks the Court to stay the Bankruptcy Court's order granting

Defendant Veith's motion for relief from the automatic stay.  Second, she asks the Court to stay

the Bankruptcy Court's order denying her motion for stay of the order granting Defendant

Veith's motion.  Magistrate Judge Blewitt recommended that the motion be denied as improperly

filed, stating that the proper course of action is for Ms. Miller to file an appeal with respect to the

two challenged orders of the Bankruptcy Court.  (Doc. No. 8 at 15 (citing 28 U.S.C. § 158; In re

Anthanassious, 418 F. App'x 91, 94 (3d Cir. 2011)).)  The Court agrees, and Plaintiffs did not

object to the recommendation.  Thus, the Court will deny Plaintiff Ms. Miller's motion for a stay

pending appeal (Doc. No. 6).

### B.      Statute of Limitations

Next, Magistrate Judge Blewitt recommended that Plaintiffs' claims regarding Defendant

YCAAA's forcible removal of Mrs. Miller from her house be dismissed as time barred.  (Doc.

No. 8 at 19-21.)  Plaintiffs objected, asserting that they did not violate the two-year statute of

limitations.  The Court agrees with Plaintiffs' statute of limitations argument.

Civil rights claims in Pennsylvania are subject to a two-year statute of limitations.  See

Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding that for section 1983 actions, courts should

apply the state statute of limitations applicable to personal injury torts); 42 Pa. Cons. Stat. §

5524.  In this case, Plaintiffs allege that the YCAAA improperly entered their home and forcibly

7

removed Mrs. Miller on August 6, 2009.  Plaintiffs initiated this action by filing a complaint on

August 8, 2011, just over two years later.  However, Rule 6 of the Federal Rules of Civil

Procedure provides that time periods should be computed by excluding the day of the event that

triggered the period, and "if the last day is a Saturday, Sunday, or legal holiday, the period

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

See also Pa. R. Civ. P. 106(b) (Whenever the last day of any [limitations] period shall fall on a

Saturday or Sunday, . . . such day shall be omitted from the computation.").  Applying Rule 6 to

the instant matter, the two-year statute of limitations would begin to run on August 7, 2009, the

day after the event that triggered the period.  August 7, 2011, was a Sunday, thus the two year

period would continue to run until the end of August 8, 2011 – a Monday.  Thus, the Court

declines to follow the recommendation that Plaintiffs' claims regarding Defendant YCAAA's

forcible removal of Mrs. Miller from her house be dismissed as time barred.

### C.        Whether Defendants are State Actors

Next, Magistrate Judge Blewitt recommended that Plaintiffs' section 1983 claims against

Defendants Konkel, Neighborhood Services, Colonial Manor, Veith, and Red Rose be dismissed

as those Defendants are not state actors.  (Doc. No. 8 at 21-25.)  The Court agrees, and Plaintiffs

did not object to this portion of the Report and Recommendation.  To state a claim under section

1983, a plaintiff must allege that a person acting under color of state law violated a right secured

by the Constitution or the law of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants Konkel, Neighborhood Services, Colonial Manor, Veith, and Red Rose are either

private citizens or private business organizations.  Plaintiffs' assertions that these five

Defendants are state actors, and that they acted under color of state law, are merely legal

conclusions, which are not sufficient to meet the pleading standards set forth in <u>Twombly</u>, 550

U.S. at 555, and <u>Iqbal</u>, 129 S. Ct. at 1955.  Thus, the Court will adopt this portion of the Report

and Recommendation and will dismiss all non-conspiracy civil rights claims brought pursuant to

section 1983 against Defendants Konkel, Neighborhood Services, Colonial Manor, Veith, and

Red Rose.  Specifically, the Court will dismiss the claims brought against these Defendants in

Count I, Count II, Count V, and Count VI with prejudice.

**D.      Conspiracy Claim in Count IX**

Plaintiffs also raised a conspiracy claim under section 1983 in Count IX of their

complaint.  Magistrate Judge Blewitt recommended that the claim in Count IX be dismissed.

(Doc. No. 8 at 25-27.)  In their eighth objection to the Report and Recommendation, Plaintiffs

argue that a conspiracy claim is supported in this case, "as Defendants acted in collusion with

each other to denude Plaintiffs of their property and rights."  (Doc. No. 9 ¶ 8.)  After a <u>de novo</u>

review of Count IX, the Court finds that dismissal is warranted.

While section 1983 liability generally will not be imposed against a private party, private

persons can be deemed to act under color of law where they are a "willful participant in joint

action with the State or its agents."  <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980).  To state a claim

for conspiracy under section 1983, a plaintiff must allege conspiracy with particularity, setting

forth "allegations that address the period of the conspiracy, the object of the conspiracy, and the

certain actions of the alleged conspirators taken to achieve that purpose."  <u>Shearin v. E.F. Hutton</u>

<u>Group, Inc.</u>, 885 F.2d 1162, 1166 (3d Cir. 1989), <u>abrogated on other grounds by</u> <u>Beck v. Prupis</u>,

529 U.S. 494 (2000).

After reviewing the complaint, the Court agrees with Magistrate Judge Blewitt that "there

was simply no connection between the alleged conduct of Defendants." (Doc. No. 8 at 27.)

Plaintiffs have not alleged any facts that provide "plausible grounds to infer an agreement."

Twombly, 550 U.S. at 556. Plaintiffs merely state that the Defendants "acted in concert with one

another," without explaining how. (Doc. No. 1 ¶ 148.) Plaintiff's bald allegations of conspiracy

are insufficient to state a claim upon which relief can be granted. Thus, the Court will adopt this

portion of the Report and Recommendation, and will dismiss Plaintiff's section 1983 conspiracy

claim in Count IX without prejudice.

      **E.**      **Conspiracy Claim in Count III**

Plaintiffs also alleged a conspiracy claim in Count III of their complaint, pursuant to 42

U.S.C. § 1985(3). Magistrate Judge Blewitt recommended that Count III be dismissed for failure

to state a claim. (Doc. No. 8 at 28-30.) Plaintiffs objected, arguing that a conspiracy claim is

supported. (Doc. No. 9 ¶ 8.) After a de novo review of Count III, the Court finds that dismissal

is warranted.

Section 1985(3) provides a cause of action against Defendants who conspire to deprive

persons of their rights or privileges. To state a claim under section 1985(3), a plaintiff must

allege that "invidious racial or otherwise class-based discriminatory animus lay behind the

defendants' actions, and he must set forth facts from which a conspiratorial agreement between

the defendants can be inferred." Brookhart v. Rohr, 385 F. App'x 67, 70 (3d Cir. 2010) (per

curiam). In their complaint, Plaintiffs fail to allege that they fall within a class entitled to the

protection afforded by section 1985(3). Furthermore, Plaintiffs do not allege that any conspiracy

involving the Defendants was "motivated by a discriminatory animus against an identifiable

class and that the discrimination against the identifiable class was invidious." Farber v. City of

Patterson, 440 F. 3d 131, 135 (3d Cir. 2006).  Thus, the Court will adopt this portion of the

Report and Recommendation, and dismiss Count III of Plaintiffs' complaint without prejudice.

### F.      Defendant Court of Common Pleas

Magistrate Judge Blewitt next recommended that the Court dismiss Plaintiffs' claims

against Defendant Court of Common Pleas.  (Doc. No. 8 at 30-32)  In their objections, Plaintiffs

assert that their "'attack' on State Court is well-deserved considering said Court is suspect to ex

parte communication, collusion, and corruption."  (Doc. No. 9 ¶ 10.)  This objection lacks merit,

and the Court will adopt Magistrate Judge Blewitt's recommendation regarding Defendant Court

of Common Pleas.  As a judicial district, the Court of Common Pleas is a component of the

judicial branch of the Pennsylvania government, which is entitled to Eleventh Amendment

immunity.  Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).  Furthermore,

the Court of Common Pleas is a component of the judicial branch, and thus not considered a

person for section 1983 purposes.  Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir.

2000).  Thus, the Court will dismiss with prejudice Defendant York County Court of Common

Pleas.

### G.      Rooker-Feldman and Claim Preclusion

Next, Magistrate Judge Blewitt recommended that Plaintiffs' constitutional claims be

dismissed under the Rooker-Feldman doctrine and under the doctrine of claim preclusion.  (Doc.

No. 8 at 32-45.)

The Rooker-Feldman doctrine bars district courts from reviewing certain state court

actions.  See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman,

460 U.S. 462 (1983).  The doctrine will bar a claim in federal court when: "(1) the federal

plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Magistrate Judge Blewitt also recommended that Plaintiffs' claims be dismissed pursuant to the doctrine of claim preclusion. Claim preclusion, or res judicata, "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). Res judicata will bar an action where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., 746 F.2d 977, 983 (3d Cir. 1984).

At this stage, the Court declines to hold that the Rooker-Feldman doctrine bars the claims raised in the complaint. In the Report and Recommendation, Magistrate Judge Blewitt stated that Plaintiffs challenged state-court decisions regarding a mortgage foreclosure, an ejectment action, and "the decisions of the York County Court regarding the Petition to involuntarily commit Mrs. Miller and the Court's finding that she could no longer live with her daughter." (Doc. No. 8 at 34.) However, construing the complaint liberally, it appears to also allege constitutional violations that are broader than these state-court decisions. For example, the complaint contains allegations concerning YCAAA's forcible removal of Mrs. Miller from her house. Thus, the complaint is broad enough that it may be construed to contain allegations that

do not involve a "state-court loser[] complaining of injuries caused by [a] state-court judgment[]" rendered before this suit was filed.  See Exxon Mobil, 544 U.S. at 284.

Furthermore, at this stage, the Court declines to hold that the doctrine of claim preclusion bars the complaint.  The complaint does not allege that there has been a final judgment on the merits in a prior suit involving the same parties or their privies with respect to all of the allegations in the compliant.  See Athlone Indus., 746 F.2d at 983.  Thus, the Court declines to hold that the complaint is barred under either the doctrine of claim preclusion or the Rooker-Feldman doctrine.

**H.    Remaining Claims**

As to the remaining claims, Plaintiffs' complaint fails to satisfy the pleading requirements for filing a complaint in federal court.  While Plaintiffs may be able to plausibly state claims, they have failed to present their allegations in such a manner as to allow the Court to make such determination.  Plaintiffs' complaint contains a myriad of factual allegations, and lists a number of constitutional injuries; however, the complaint does not state what actions, by which Defendants, are alleged to have violated which specific constitutional rights.

A civil complaint, even one filed by a pro se litigant, must comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore, each averment must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and raise a right to relief above the speculative level, Twombly, 550 U.S. at 555.

The Court is cognizant that the notice pleading standard of the Federal Rules of Civil

Procedure is a liberal one.  See Evancho v. Fisher, 423 F.3d 347, 352 (3d Cir. 2005).   However,

the manner in which Plaintiffs' claims are presented does not constitute a "short and plain

statement" of Plaintiffs' claims showing that they are entitled to relief.  See, e.g., Sparling v.

Hoffman Constr. Co., Inc., 864 F.2d 635, 640 (9th Cir. 1988) (finding that even where the

factual elements of a cause of action are present but scattered throughout the complaint and are

not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule

8(a) is proper).  Instead, Plaintiffs' complaint contains 163 paragraphs, raising convoluted

factual allegations involving a number of related and seemingly unrelated matters against

thirteen different Defendants.  Each count in the complaint references the first 80 paragraphs of

factual allegations, then goes on to list a number of legal conclusions and fails to make any effort

to connect the factual allegations to those conclusions.[1]  Plaintiffs' complaint leaves the Court to

speculate as to what actions by each Defendant supports Plaintiffs' claims.  Accordingly, the

Court will order Plaintiffs to file a more definite statement pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure in order to clarify the claims that Plaintiffs asserts against Defendants.

## IV.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Blewitt's Report and

Recommendation in part.  The Court will: (1) grant Plaintiffs' motion to proceed in forma

---

[1] For example, in Count I of the complaint, Plaintiffs list Defendants YCHSD, YCAAA, Neighborhood Services, Colonial Manor, Red Rose, Mackereth, Benaknin, Gordon, Andreuzzi, Veith, and Konkel, and allege that "[a]s a direct and proximate result of Defendants' conduct, committed under color of state law, Mrs. Miller was deprived of her liberty, her right to freedom of speech and expression, to be free from unreasonable and excessive force, unlawful search and seizure, false imprisonment, and to be secure in her person and process and to due process of law."  (Doc. No. 1 ¶ 82.)  However, Plaintiffs fail to allege which actions, by which Defendants, violated these rights.

pauperis (Doc. No. 2); (2) deny Ms. Miller's motion for stay pending appeal (Doc. No. 6); (3) dismiss with prejudice Plaintiffs' section 1983 claims raised in Count I, Count II, Count V, and Count VI against Defendants Konkel, Neighborhood Services, Colonial Manor, Veith, and Red Rose, as they are not state actors; (4) dismiss without prejudice Plaintiffs' section 1983 conspiracy claim raised in Count IX for failure to state a claim; (5) dismiss without prejudice Plaintiffs' section 1985 conspiracy claim in Count III for failure to state a claim; (6) dismiss with prejudice Defendant Court of Common Pleas as an improper defendant; and (7) grant Plaintiffs leave to provide a more definite statement as to those portions of the complaint that have not been dismissed with prejudice.

For those portions of the complaint that the Court dismisses without prejudice, Plaintiffs may file an amended complaint within twenty days.  The amended complaint should contain a short and plain statement of the facts supporting each of Plaintiffs' alleged constitutional claims. To avoid dismissal, the amended complaint must contain allegations sufficient to "raise a right to relief above the speculative level," and must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Twombly, 550 U.S. at 555; Kost, 1 F.3d at 183.  In other words, the amended complaint should allege which actions, by which Defendants, form the basis of each claim.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WANDA D. MILLER and** | : | |
| **WANDA D. MILLER,** | : | |
| | : | **No. 1:11-cv-1451** |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **YORK COUNTY, PA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

<u>**ORDER**</u>

    **AND NOW**, on this 6th  day of January 2012, **IT IS HEREBY ORDERED** that

Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 8) is **ADOPTED IN PART**

as follows:

1.    Plaintiffs' motion to proceed <u>in forma pauperis</u> (Doc. No. 2) is **GRANTED**;

2.    Ms. Miller's motion for stay pending appeal (Doc. No. 6) is **DENIED**;

3.    Plaintiffs' section 1983 claims raised in Count I, Count II, Count V, and Count VI against Defendants Konkel, Neighborhood Services, Colonial Manor, Veith, and Red Rose are **DISMISSED WITH PREJUDICE**;

4.    Plaintiffs' section 1983 conspiracy claim in Count IX is **DISMISSED WITHOUT PREJUDICE**;

5.    Plaintiffs' section 1985 conspiracy claim in Count III is **DISMISSED WITHOUT PREJUDICE**;

6.    Plaintiffs' complaint against Defendant Court of Common Pleas is **DISMISSED WITH PREJUDICE**;

7.    Plaintiffs are granted leave to file an amended complaint with a more definite statement in order to clarify the claims that Plaintiffs asserts against Defendants within twenty days of the date of this order;

9.      All further proceedings in this case are recommitted to Magistrate Judge Blewitt.

**S/ Yvette Kane**
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania